No. 96-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MARK TURNER WIER,

     Defendant and Petitioner,

   v.

LINCOLN COUNTY SHERIFF'S DEPARTMENT,
and DISTRICT COURT OF THE NINETEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
LINCOLN, THE HONORABLE JUDGE MICHAEL
C. PREZEAU, Presiding,

     Respondents.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln
                The Honorable Michael C. Prezeau, Judge presiding

COUNSEL OF RECORD:

     For Petitioner:

          James B. Wheelis, Public Defender's Office, Libby,
          Montana

     For Respondents:

          Joseph P. Mazurek, Attorney General, Elizabeth L.
          Griffing, Assistant Attorney General, Helena,
          Montana; S. Charles Sprinkle, Lincoln County
          Attorney, Libby, Montana

FILED

Filed:   OCT 2 3 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted:  August 19, 1996

Decided:  October 23, 1996

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Mark Turner Wier (Wier) filed herein a Petition for Writ of Habeas Corpus for a Stay of Execution of Sentence and for the Setting of a Bond to Insure Appearance and Memorandum of Authorities pursuant to Title 46, Chapter 22, Montana Code Annotated.

## Procedural Background

On May 1, 1996, Wier was charged with partner assault, a misdemeanor, in violation of § 45-5-206, MCA, and carrying a concealed weapon while under the influence, a misdemeanor, in violation of § 45-8-327. Wier posted a $2,000 bond and was released pending trial. On July 19, 1996, trial was held in Justice Court in Lincoln County. Wier did not appear and he was found guilty in absentia. Sentencing was scheduled for August 15, 1996. There is no record of the sentencing other than a Commitment Order signed by the Justice of the Peace on August 15, 1996, wherein Wier was sentenced to five days in jail commencing August 15, 1996, at 3 p.m. and ending August 20, 1996, at 3 p.m.

Wier appealed to the Nineteenth Judicial District Court, Lincoln County, on August 15, 1996, and requested a stay of execution pending his appeal. The Justice of the Peace refused to stay execution of Wier's sentence. On August 16, 1996, the District Court also denied Wier's motion to stay execution of sentence. There is no record of any proceeding held on this motion. Wier filed a Petition for Writ of Habeas Corpus with this Court on August 16, 1996, seeking his immediate release from

2

custody. The justice reviewing the petition declined to act in the absence of the full Court.

On August 20, 1996, this Court issued an Order staying the remainder of the sentence. The Court further ordered that the Attorney General file a response to the petition addressing the merits of Wier's argument in addition to any procedural matters. Wier was released from custody at 9:46 a.m. on August 20, 1996, by order of the Justice of the Peace.

## Discussion

Wier argues that his ·incarceration was unlawful because an "appeal from a judgment from justice court abrogates that judgment" and because an "appeal to district court renders incarceration under a justice court's order illegal." The State contends that since Wier is no longer in custody, his claim for relief is moot and this Court should not address the substantive questions in this case.

While a petition for writ of habeas corpus is moot once the defendant is no longer in custody, State v. Sor-Lokken (1991), 247 Mont. 343, 351, 805 P.2d 1367, 1373, the issue here is one that is "capable of repetition, yet evading review." See Weinstein v. Bradford (1975), 423 U.S. 147, 96 S.Ct, 347, 46 L.Ed.2d 350. This Court has previously stated:

> When faced with constitutional questions which are capable of repetition yet could avoid review, this Court will consider the merits of the issues raised on appeal. Romero v. J & J Tire (1989), 238 Mont. 146, 148, 777 P.2d 292, 294; Butte-Silver Bow Local Gov't v. Olsen (1987), 228 Mont. 77, 82, 743 P.2d 564, 567. As we stated in Butte-Silver Bow:
> [t]he exception to mootness for those actions that

3

> are capable of repetition, yet evading review, usually is applied to situations involving governmental action where it is feared that the challenged action will be repeated.
> <u>Butte Silver Bow</u>, 743 P.2d at 567.

Common Cause v. Statutory Committee (1994), 263 Mont. 324, 328, 868 P.2d 604, 606-7. The constitutional issue implicated here is Wier's right to a reasonable bail. U.S. Const. Amend. VIII; Art. II, Sec. 22, Mont. Const.

Hence we accept jurisdiction to review the substantive issues raised in this case by writ of supervisory control. We are empowered to do so by Article VII, Section 2(1) of the Montana Constitution, granting this Court "original jurisdiction to issue, hear, and determine writs of habeas corpus and such other writs as may be provided by law," and by Article VII, Section 2(2) of the Montana Constitution, granting this Court "general supervisory control over all other courts." State ex rel. Marlenee v. Dist. Court, Etc. (1979), 181 Mont. 59, 62, 592 P.2d 153, 154.

Release or detention pending appeal of a justice court decision is governed by § 46-9-107, MCA, which provides:

> A person intending to appeal from a judgment imposing a fine only *or from any judgment rendered by a justice's court or city court must be admitted to bail.* The court shall order the detention of a defendant found guilty of an offense who is awaiting imposition or execution of sentence or a revocation hearing or who has filed an appeal unless the court finds that, if released, the defendant is not likely to flee or pose a danger to the safety of any person or the community. [Emphasis added.]

Under the plain language of this statute, Wier had a right to be admitted to bail pending his appeal unless the court found that he was likely to flee or that he posed a danger to the safety of

4

any person or to the community. Neither the Justice Court, nor the District Court made any such finding in this case.

In State ex rel. Abbitt v. Just. Ct. of Lake Cty. (1986), 220 Mont. 210, 213, 714 P.2d 140, 142, we noted that a person who has appealed from a justice court order is not necessarily entitled to release, but must go through the bail procedures. Thus, Wier must qualify for bail and the amount of his bail must be determined in accordance with § 46-9-301, MCA. Once admitted to bail, Wier's sentence should then be stayed by the trial court pending his appeal, pursuant to § 46-20-204, MCA.

The State contends that Wier did not attempt to be admitted to bail, but only attempted to stay the execution of his sentence. However, there was no opportunity for a bail hearing in this matter as both the Justice of the Peace and the District Court Judge were unavailable. Wier had previously posted a $2,000 bond in the Justice Court proceeding to secure his release pending trial. The Justice Court still retained this bond at the time of Wier's appeal.

Accordingly, we hold that the Justice Court erred in failing to stay the imposition of Wier's sentence pending his appeal to District Court.

_____
Justice

We Concur:

_____
Chief Justice

5

William E. Smith

Jerry Trewida

Karla M. Gray

W. William Leaphart

Justices