No. 98-592

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 106

294 Mont. 310

980 P.2d 1049

SKINNER ENTERPRISES, INC., SKINNER ENTERPRISES

PROFIT SHARING TRUST, and ANDY SKINNER as Trustee,

Petitioners and Appellants,

v.

LEWIS AND CLARK CITY-COUNTY HEALTH DEPARTMENT,

LEWIS AND CLARK CITY-COUNTY BOARD OF HEALTH, JOAN MILES,

DONALD FERLICKA, ANNABELLE RICHARDS, MIKE MURRAY,

TOM HUDDLESTON, NATHAN MUNN, GARY TOOTHAKER,

BETTY BENIGER, JOAN TOOLE, and EDDY CROWLEY,

Respondents and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Palmer A. Hoovestal, Attorney at Law; Helena, Montana

For Respondents:

Mike McGrath, Lewis and Clark County Attorney; K. Paul Stahl,

Deputy County Attorney; Helena, Montana

Submitted on Briefs: March 11, 1999

No

Decided: May 18, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The petitioners, Skinner Enterprises, Inc., Skinner Enterprises Profit Sharing Trust, and Andy Skinner (collectively "Skinner") petitioned the District Court for the First Judicial District in Lewis and Clark County for a declaratory judgment to nullify and vacate certain amendments to the Lewis and Clark County On-Site Wastewater Treatment Regulations adopted in October 1995. The District Court denied cross-motions for summary judgment filed by Skinner and the County; it subsequently dismissed the petition on the grounds that amendments adopted by the board in April 1998 superseded the 1995 regulations and rendered the case moot. Skinner appeals from the District Court's denial of summary judgment. We affirm.**

**¶2. The parties present the following issues on appeal:**

**¶3. 1. Did the District Court err when it dismissed the case for mootness?**

**¶4. 2. Did the District Court err when it denied Skinner's motion for summary judgment?**

FACTUAL BACKGROUND

**¶5. Skinner owns and is attempting to develop a subdivision in the north-central Helena Valley called "Green Acres." This development has been the subject of an earlier decision of this Court. *See Skinner Enterprises, Inc. v. Lewis and Clark County***

*Board of Health* (1997), 286 Mont. 256, 950 P.2d 733. Skinner believed that there was a conflict between the 1993 local on-site wastewater treatment regulations promulgated by the Lewis and Clark City-County Board of Health (the Board), and the regulations promulgated at the State level by the Department of Environmental Quality. Skinner petitioned the Board for a review of its regulations pursuant to § 50-2-130, MCA.

¶6. In October 1995, the Board conducted a review of its regulations at which time it addressed Skinner's petition. As part of the review, public hearings were conducted. Following the hearings, the Board adopted several amendments to the regulations.

¶7. Skinner filed a petition with the District Court which alleged that the Board violated constitutional and statutory notice requirements related to the hearing. Skinner sought a declaratory judgment which vacated the amendments. The District Court found that the Board provided adequate notice of the hearing and "reasonable opportunity for citizen participation." However, the District Court denied the parties' cross-motions for summary judgment and concluded that it would be inappropriate to award summary judgment on issues it considered related to a pending appeal to this Court from earlier litigation between the parties.

¶8. The dispute remained undecided in the District Court for several months. In early 1998 the Board again amended the on-site wastewater treatment regulations. Those amendments superseded the 1995 amendments to which Skinner objected in his petition before the District Court. As a result of the Board's adoption of the 1998 amendments, the District Court found that Skinner's objections to the process for the adoption of the 1995 amendments were moot and it dismissed the case.

ISSUE 1

¶9. Did the District Court err when it dismissed the case for mootness?

¶10. In his initial brief to this Court, Skinner raised the issue of whether the District Court's denial of summary judgment was correct. The County responded that any dispute over the adoption of the 1995 amendments is moot. We address the mootness issue first because it is potentially dispositive of the appeal. Skinner contends that the process of adopting the amendments falls within an exception to the mootness rule because it is an action which is "capable of repetition, yet evades review."

¶11. When a district court considers a motion to dismiss it must view the allegations in the light most favorable to the plaintiff, accepting as true all well-pleaded facts. *See* Rule 12(b)(6), M.R.Civ.P. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *See Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

¶12. This Court has held that "a moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." *Miller v. Murray* (1979), 183 Mont. 499, 503, 600 P.2d 1174, 1176. This Court does not normally address moot questions. *See Van Troba v. Montana State Univ.*, 1998 MT 292, ¶ 35, 970 P.2d 1029, ¶ 35, 55 St. Rep. 1196, ¶ 35. However, this Court will consider the merits of moot issues when faced with constitutional questions which are capable of repetition yet could avoid review. *See Common Cause v. Statutory Comm.* (1994), 263 Mont. 324, 328, 868 P.2d 604, 606.

¶13. A question becomes moot on appeal "where by a change of circumstances prior to the appellate decision the case has lost any practical purpose for the parties, for instance where the grievance that gave rise to the case has been eliminated." *Van Troba*, ¶ 35.

¶14. In *Van Troba*, the NCAA appealed from a preliminary injunction which barred it from preventing the respondent from receiving a scholarship to play intercollegiate women's basketball as a freshman for Montana State University. Because of the injunction, the respondent participated in the basketball program as a freshman while the NCAA appeal came before this Court. The respondent's eligibility to play basketball as a sophomore, junior, or senior was not at issue in the case. By the time this Court heard the NCAA's appeal, the respondent had completed her freshman year at MSU. As a result, we concluded that the issue of whether the District Court erred when it issued the injunction was moot, because it was no longer of practical consequence to the parties. *See Van Troba*, ¶ 40.

¶15. While the dispute in *Van Troba* became moot during the appeal, the principles underlying the mootness rule remain the same whether an issue is rendered moot during the appellate process or while a case is pending at the trial level. Therefore, *Van Troba* is applicable to the facts of this case.

¶16. The adoption of the 1995 amendments which formed the basis for Skinner's claim were superseded by the 1998 amendments, prior to trial. As a result, the legality of the 1995 amendments was no longer of any practical consequence to the parties and any potential error in the District Court's failure to award summary judgment is similarly no longer of any practical consequence. Accordingly, we hold that the issue is moot.

¶17. However, Skinner contends that this case falls within the exception to mootness and that our decision in *Common Cause* is applicable. *Common Cause* involved the process used to create a list of nominees from which the Governor would appoint, and the senate confirm, a Commissioner of Political Practices. The petitioners argued that the process violated the "right to know" provision of the Montana Constitution because a nominating committee failed to provide any public notice of its deliberations. This Court concluded that the alleged violation of the open meeting statutes and the "right to know" provision was capable of recurring in the context of future selections of nominees, as well as actions taken by other advisory entities. *See Common Cause*, 263 Mont. at 328, 868 P.2d at 606.

¶18. Since our decision in *Common Cause*, we have had occasion to further discuss the mootness exception. In *Heisler v. Hines Motor Co.* (1997), 282 Mont. 270, 937 P.2d 45, we set forth a two-part burden which the party invoking the exception must meet: First, the challenged action must be too short in duration to be fully litigated prior to cessation; and second, there must be a reasonable expectation that the same complaining party would be subject to the same action again. *See Heisler*, 282 Mont. at 275-76, 937 P.2d at 48.

¶19. In *Heisler*, the appellant was injured in a work-related accident and the insurer, the State Fund, declined to pay bills submitted by a second physician on the basis that the appellant had changed treating physicians without prior approval from the State Fund. The parties disputed whether a provision of the Administrative Rules of Montana gave the State Fund the absolute right to pre-approve a claimant's change of physician. The State Fund subsequently paid all the medical bills at issue and it argued on appeal that the dispute was moot. We disagreed, concluding that because the State Fund had not changed its position vis-a-vis the administrative rule, if the appellant was to again change his physician without prior approval, the action complained of could recur. *See Heisler*, 282 Mont at 276, 937 P.2d at 48.

¶20. In *In re Matter of Klos* (1997), 284 Mont. 197, 943 P.2d 1277, we found that temporary guardianship appointments for six month periods will lapse before appellate review of an appointment is conducted and, therefore, are capable of repetition, yet evading review.

¶21. The 1995 amendments to the local on-site wastewater treatment regulations were amended in 1998, but Skinner does not contend, nor does the record suggest, that the Board failed to follow the proper statutory rule-making process in 1998. In fact, the record suggests that Skinner may have been instrumental in providing the information to the Board which contributed to the 1998 amendments.

¶22. The distinguishing feature between the instant case and *Heisler* is that here the Board may have avoided judicial review, but it also resolved the underlying dispute by reconciling the local regulations with the State-level regulations. In *Heisler*, the underlying dispute had not been resolved. There was, therefore, the potential for a recurrence of the dispute.

¶23. We conclude that in this case Skinner has failed to meet his burden to establish that there is a reasonable expectation that he would be subject to the same action again if we were to affirm the District Court's dismissal for mootness. Accordingly, we affirm the judgment of the District Court. Because we conclude that the claim is mooted, we decline to address the question of whether the District Court erred when it denied Skinner's motion for summary judgment.


/S/ TERRY N. TRIEWEILER



We Concur:



/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART