DA 10-0578

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 198

GATEWAY OPENCUT MINING ACTION GROUP,
a Montana nonprofit corporation, and
CAROL K. LEE-ROARK, et al.,

      Plaintiffs and Appellants,

  vs.

BOARD OF COUNTY COMMISSIONERS OF
GALLATIN COUNTY, the governing body of the
County of Gallatin, acting by and through Joe P. Skinner,
R. Stephen White, and William A. Murdock,

      Defendants and Appellees,

  and

THREE WAY MINING AND CONSTRUCTION, et al.,

      Intervenors and Cross-Claimants, Plaintiffs/Defendants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 10-480(C)
                 Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Roger M. Sullivan, McGarvey, Heberling, Sullivan & McGarvey, P.C.,
            Kalispell, Montana

            David K.W. Wilson, Jr., Morrison, Motl and Sherwood, P.L.L.P.,
            Helena, Montana

      For Appellee:

            Marty Lambert, Gallatin County Attorney, Bozeman, Montana

For Intervenor Three Way Mining and Construction:

    Susan B. Swimley, Attorney at Law, Bozeman, Montana

    James L. Shuler, Doney, Crowley, Bloomquist, Payne, Uda, P.C., Helena, Montana

For Intervenor Loseff, et al., and Knife River:

    Brian K. Gallik, Benjamin J. Alke, Goetz, Gallik & Baldwin, P.C., Bozeman, Montana

    John Alke, Hughes, Kellner, Sullivan & Alke, PLLP, Helena, Montana

For Amici:

    Sarah McMillan, Matthew Bishop, Western Environmental Law Center, Missoula, Montana

Submitted on Briefs: June 15, 2011

Decided: August 17, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     This is an action arising from the Gallatin County Board of Commissioners' (the Commission) efforts to regulate gravel pits within the County limits. Between 2008 and 2010 the Commission took various actions to impose zoning restrictions. It created an Interim Zoning District and proposed creation of four permanent zoning districts throughout the County. The Commission's efforts were challenged by the Gateway Opencut Mining Action Group (GOMAG), an advocacy group made up of residents of one of the proposed districts. GOMAG sought an injunction, claiming the public comment provision of the applicable zoning statute, § 76-2-205(6), MCA, was unconstitutional. Subsequently, GOMAG and Gallatin County (the County) agreed to defer certain statutorily-required actions until GOMAG's injunction request was heard by the Eighteenth Judicial District Court. While awaiting the injunction hearing, multiple Gallatin County farmers and ranchers plus two gravel pit owners (collectively Intervenors) intervened in the action seeking summary judgment on the ground that the Commission had failed to act within the statutorily-required time and the case was moot. The District Court agreed and granted Intervenors' motions for summary judgment. GOMAG appeals. We affirm.

## ISSUE

¶2     The dispositive issue before us is whether the District Court erred in granting summary judgment to the Intervenors on the basis of mootness.

## FACTUAL AND PROCEDURAL BACKGROUND

3

¶3 In 2003, Gallatin County adopted a county growth policy in an effort to address its rapid growth. Subsequently, over several years, a Gallatin Gateway Community Plan was developed and adopted. On May 7, 2008, after several meetings pertaining to opencut mining issues, the Commission adopted an Interim Zoning District (IZD) for opencut mining operations. In accordance with applicable statutes, in May 2009 the Commission extended the IZD for a second year. This Interim Zoning District was scheduled to expire on May 7, 2010. During these two years, the County issued four separate conditional use permits to gravel pit operations.

¶4 Also during the two years between May 2008 and May 2010, the Commission decided to create four new zoning districts within the County—Southern Valley, Belgrade, Manhattan, and Amsterdam/Churchill. To accomplish this, at a public hearing on March 23, 2010, the Commission passed a "Resolution of Intention" (Resolution) to adopt the Southern Valley Zoning District (SVZD); however, the Resolution actually encompassed all four of the zoning districts identified above. In accordance with § 76-2-205(5), MCA, the public was notified that it could comment on or protest the Commission's Resolution through April 27, 2010. The County received numerous protests to the Resolution. Under the applicable statute, the Commission could proceed to act on the Resolution within 30 days after the expiration of the public comment period, i.e., by May 27, 2010, unless the requisite number of protests was received. If a sufficient number of protests was received, the Commission could not adopt the Resolution and could not propose another for one year.

4

¶5     On April 30, 2010, shortly after the public protest period expired and before the Commission had tabulated the protests or taken action on the Resolution, GOMAG filed a verified complaint against the Commission, seeking declaratory relief, and an application for a temporary restraining order (TRO) and preliminary and permanent injunction (PI). GOMAG challenged the constitutionality of the protest provisions contained in § 76-2-205(6), MCA. On the same day, the County stipulated to the TRO. The District Court immediately signed the TRO and scheduled the injunction hearing for July 12, 2010. The TRO provided:

> [A] Temporary Restraining Order . . . is hereby issued restraining defendants from taking any action based upon the statutory protest provisions contained in § 76-2-205(6), MCA, pending the hearing set [for July 12]. Except as specifically restrained by this Order, the defendants may otherwise proceed in accordance with the provisions of § 76-2-205, MCA, including proceeding with the meeting presently scheduled for May 4, 2010.

¶6     To maintain the status quo, GOMAG and the County also agreed to obtain an order that the Interim Zoning Regulations scheduled to expire on May 7, 2010, would remain in effect until the District Court ruled on GOMAG's injunction request. On May 3, 2010, the District Court issued the requested order.

¶7     During May 2010, additional parties intervened in the suit between GOMAG and the County—two gravel pit owners, Three Way Mining and Construction, Inc. (TWM) and Knife River Corporation, and multiple ranchers and farmers who owned land in the County, hereinafter jointly referred to by the name of one of the landowners, Loseff. Collectively, the intervening parties will be referred to as Intervenors. As a result of these judicial proceedings and agreements, the Commission did not act on the Resolution

5

by May 27—the 30-day post-protest deadline. On May 27, 2010, the Gallatin County Clerk and Recorder certified that none of the proposed zoning districts received sufficient protest votes to block the Commission's zoning plans.

¶8 In June 2010, Knife River and the Loseffs filed motions for summary judgment. TWM joined in Loseffs' motion. Knife River argued that the Interim Zoning Regulations, vis-à-vis the Belgrade proposed district, expired on May 7, 2010. Loseffs and TMC made the same argument, and also maintained that the Resolution creating the proposed new zoning districts had similarly expired without action by the Commission. As a result, the Intervenors argued that the entire case was moot and should be dismissed.

¶9 In an Order issued on September 29, 2010, the District Court ruled in favor of Intervenors. Noting that the provisions of § 76-2-205(6), MCA, are explicit and mandatory, the court reasoned that the Commission had limited options: it could either adopt or reject the respective zoning resolutions within 30 days after the protest vote, or it could take no action which would have the effect of an affirmative rejection. Because the Commission failed to act at all during the 30-day statutory timeframe, the zoning resolutions were effectively dead. This being so, the court determined there was no justiciable controversy before it, and it had no jurisdiction to assess the constitutionality of the statute as GOMAG had requested because the matter was now moot. The court further ruled that its May 3, 2010 Order extending the Interim Zoning Regulations beyond the May 7, 2010 expiration date was null and void. The court therefore granted Knife River's and Loseff/TWM's motions for summary judgment, denied GOMAG's

6

request for a preliminary injunction and declaratory judgment, and dissolved the TRO issued on April 30, 2010. This appeal by GOMAG follows.

## STANDARD OF REVIEW

¶10 We review a district court's grant of summary judgment de novo, applying the criteria set forth in M. R. Civ. P. 56. Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Walters v. Flathead Concrete Prods.*, 2011 MT 45, ¶ 8, 359 Mont. 346, 249 P.3d 913 (citations omitted).

## DISCUSSION

¶11 *Did the District Court err in granting summary judgment to the Intervenors?*

¶12 In Montana, counties are authorized to adopt zoning regulations for all or parts of their jurisdictional area. Section 76-2-201, MCA. They may also establish interim zoning districts or interim regulations. Under the applicable statute, an interim zoning district or regulation is limited to a duration of one year from the date it became effective. It may be extended by the county commissioners for no more than one additional year. Section 76-2-206, MCA. The statute allowing counties to adopt such districts and boundaries sets forth the necessary procedures and provides for notice to and comment by the public. Section 76-2-205, MCA.

¶13 In the case before us, GOMAG brought a constitutional challenge in the District Court under the Montana Uniform Declaratory Judgment Act (UDJA). It asserted that § 76-2-205(6), MCA, is unconstitutional because only landowners, and preferentially landowners of agricultural and forest properties, may protest zoning decisions made by

the Commission. GOMAG argued that this "veto provision" represents "an unconstitutional delegation of legislative authority to private parties." Section 76-2-205(6), MCA, provides:

> Within 30 days after the expiration of the protest period, the board of county commissioners may in its discretion adopt the resolution creating the zoning district or establishing the zoning regulations for the district. However, if 40% of the real property owners within the district whose names appear on the last-completed assessment roll or if real property owners representing 50% of the titled property ownership whose property is taxed for agricultural purposes under 15-7-202 or whose property is taxed as forest land under Title 15, chapter 44, part 1, have protested the establishment of the district or adoption of the regulations, the board of county commissioners may not adopt the resolution and a further zoning resolution may not be proposed for the district for a period of 1 year.

¶14 On appeal, GOMAG asserts that its constitutional challenge presents a justiciable controversy and avoids mootness. It specifically claims that two mootness exceptions apply: the "capable of repetition, yet evading review" and the "public interest" exceptions. *Morawicz v. Hynes*, 401 Ill. App. 3d 142, 147 (Ill. App. Ct. 1st Dist. 2010) (There are exceptions to the mootness doctrine, such as the public interest exception, which applies where the case presents a question of public importance that will likely recur and whose answer will guide public officers in the performance of their duties, and an exception for cases involving events of short duration that are capable of repetition, yet evading review.).

¶15 The Intervenors counter that the case is indeed moot, and that GOMAG is asking this Court to render an advisory opinion on the constitutionality of § 76-2-205(6), MCA. Intervenors point out that not only did the Commission fail to act within the 30-day statutory time frame set out in § 76-2-205(6), MCA, but the case was rendered moot

under *Turner v. Mt. Eng'g. and Constr., Inc.*, 276 Mont. 55, 60, 915 P.2d 799, 803 (1996), because GOMAG could have sought a specific TRO preventing the Commission from making a decision on permanent zoning but it failed to do so. Relying in part on *Turner*, the District Court agreed with the Intervenors and dismissed GOMAG's mootness exception arguments.

¶16 As we have stated on many occasions, the judicial power of Montana courts is limited to justiciable controversies—in other words, a controversy that can be disposed of and resolved in the courts. *Greater Missoula Area Fedn. of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881. There are several central concepts of justiciability, mootness being the relevant one here. *Greater Missoula*, ¶ 23. Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). Thus, if the issue presented at the outset of the action has ceased to exist or is no longer 'live,' or if the court is unable due to an intervening event or change in circumstances to grant effective relief or to restore the parties to their original position, then the issue before the court is moot." *Greater Missoula*, ¶ 23 (internal citations omitted).

¶17 In the case before us we have two statutory deadlines—the May 7, 2010 deadline terminating the Interim Zoning District that had been in effect for the maximum of two years, and the May 27, 2010 deadline mandating that the Commission act on their proposed Resolution creating four new zoning districts. We first address the May 7, 2010 deadline created by § 76-2-206(2), MCA.

9

¶18 As noted above, upon request of GOMAG and pursuant to the Commission's Stipulation, the District Court entered an Order on May 3, 2010, which specifically provided: "Pending this Court's hearing on Plaintiffs' Complaint for Temporary Restraining Order and Preliminary Injunction, Defendant Gallatin County's Interim Zoning Regulations remain in effect." The District Court later acknowledged in its September 29, 2010 Findings of Fact, Conclusions of Law and Order that extension of the interim zoning was contrary to statute and unlawful. We agree with the District Court.

¶19 Although GOMAG and the County stipulated on April 30, 2010, to extend the IZD and secured a court order to that effect, they offered no authority to support the notion that they could, by mere stipulation, extend a statutory deadline. Section 76-2-206(2), MCA, provides:

> A resolution for an interim zoning district or interim regulation must be limited to 1 year from the date it becomes effective. Subject to subsection (3), the board of county commissioners may extend the resolution for 1 year, but not more than one extension may be made.

As we noted in *Miller v. Eighteenth Jud. Dist. Ct.*, 2007 MT 149, 337 Mont. 488, 162 P.3d 121, where timing requirements of statutes or rules are mandatory and not discretionary or permissive, asserted lack of prejudice cannot supplant an express time requirement. Under such circumstances, the court must construe the statute as written, and not insert what has been omitted. Section 1-2-101, MCA; *Miller*, ¶¶ 39-40. Because § 76-2-206(2), MCA, expressly provides that an IZD cannot be extended beyond two years, the court erred in entering its order doing so. The court was therefore correct when

it later concluded that extension of the IZD was unlawful. The IZD expired on May 7, 2010, and no prior or subsequent agreements or court orders could alter that deadline.

¶20 We next turn to the four new zoning districts under consideration by the Commission. The County sought a District Court order staying the May 27 statutory deadline established pursuant to § 76-2-205(6), MCA. This motion was filed on May 20, 2010, but was opposed by other parties. On May 27, 2010, the County filed its Answer, Counterclaim and Cross-Claim that included a request for injunctive relief against the May 27 deadline. The District Court did not grant the motion or the request for an injunction. As a result, the Commission took no action before the expiration of the May 27 deadline which, as noted above, was the equivalent of an affirmative rejection of the Resolution.

¶21 Because the County could take no further action on the Interim Zoning District and it failed to take any action on the proposed Resolution before the May 27 deadline, the District Court correctly determined this matter was moot. However, we have previously held that "[w]hen faced with constitutional questions which are capable of repetition yet could avoid review, this Court will consider the merits of the issues raised on appeal." *Wier v. Lincoln Co. Sheriff's Dep't*, 278 Mont. 473, 475, 925 P.2d 1172, 1173 (1996) (citations omitted). We therefore address whether the District Court correctly determined that the exceptions to the mootness doctrine were not applicable.

¶22 GOMAG avers that the "capable of repetition, yet avoiding review" exception is applicable to this case. In *Skinner Enters, Inc. v. Lewis & Clark City-County Health Dep't.*, 1999 MT 106, ¶ 18, 294 Mont. 310, 980 P.2d 1049, we set forth a two-part

burden which the party invoking the exception must meet: first, the challenged action must be too short in duration to be fully litigated prior to cessation; and second, there must be a reasonable expectation that the same complaining party would be subject to the same action again. GOMAG argues that both prongs are satisfied in this case. However, the District Court, relying on *Turner*, observed in its September 29 order that "[a] party may not claim an exception to the mootness doctrine where the case has become moot through that party's own failure to seek a stay of judgment." *Turner,* 276 Mont. at 60, 915 P.2d at 802.

¶23 *Turner*, however, does not apply to the case before us. As noted above in ¶ 19, the applicable statutes unequivocally set forth the mandatory deadlines for the Commission's actions, and the District Court had no authority to extend those statutory deadlines by stipulation or order. This being so, this case became moot not because GOMAG failed to seek a stay of judgment, as the District Court surmised relying on *Turner,* but because the mandatory deadlines set forth in the operative statutes passed without the District Court taking the required action. Therefore, GOMAG is not precluded by *Turner* from claiming an exception to the mootness doctrine.

¶24 However, we decline to invoke any exception to the mootness doctrine here. We do so because the constitutional question presented—whether the protest provisions of § 76-2-205(6), MCA, constitute an unconstitutional delegation of legislative authority to private parties—never ripened in this case. The zoning here did not fail due to the protests filed under the challenged provisions of the statute; it failed because the Commission did not take the actions required of it before the statutory deadlines expired.

12

As noted above, the Gallatin County Clerk and Recorder actually certified that none of the proposed zoning districts received sufficient protests to block the Commission's zoning plans.

¶25 Had protests filed under the challenged statute actually prevented the Commission from implementing its intended zoning plans, we might agree that the matter was ripe for review. Because the protests had no impact on the course of the Commission proceedings, however, no constitutional violation "capable of repetition" occurred here. For this reason, we conclude the District Court did not err in granting summary judgment to the Intervenors on the basis of mootness.

¶26 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE

Justice James C. Nelson concurs.

¶27 I concur in the Court's decision here, largely because it appears that the important constitutional issues presented in the instant appeal will not escape review. Rather, based on statements made in the briefs, it appears that there are other cases in the pipeline raising those same issues—cases presumably without the procedural difficulties that burden this case sub judice.

¶28 I concur.

/S/ JAMES C. NELSON

13