FILED

06/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0173

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0173

_____

BETH McLAUGHLIN,

      Petitioner,

      v.

The MONTANA STATE LEGISLATURE, and
the MONTANA DEPARTMENT OF
ADMINISTRATION,

      Respondents.

O R D E R

_____

On June 22, 2021, Respondent Montana State Legislature (Legislature) filed a motion to dismiss this action as moot, citing the Legislature's June 22, 2021 letter to Petitioner Beth McLaughlin (McLaughlin) withdrawing the April 14, 2021 legislative subpoena to McLaughlin at the center of this proceeding. McLaughlin opposes this motion.

The background facts of this case have been laid out in *McLaughlin v. Legislature*, 2021 MT 120, 404 Mont. 166, ___ P.3d ___. The procedural history relevant here is summarized as follows.

McLaughlin's April 12, 2021 emergency petition to this Court requested, among other things, that this Court temporarily stay further production of Judicial Branch emails by the Department of Administration (DOA), acting pursuant to an April 8, 2021 Legislative Subpoena. *See* Petition for Original Jurisdiction and Emergency Request to Quash/Enjoin Enforcement of Legislative Subpoena. It also asked this Court to enjoin the Legislature from "disseminating, publishing, re-producing, or disclosing in any manner, internally or otherwise, any documents produced pursuant to the Subpoena" and to issue an order "directing the Montana Legislature to immediately return any documents produced pursuant to the Subpoena, or any copies or reproductions thereof, to Beth McLaughlin." On April 14, 2021, the Legislature issued another subpoena, this one to

McLaughlin, directing her to appear before the Legislature and produce documents as well as State "laptops, desktops, hard-drives, or telephones" used to facilitate polling of Montana judges and justices on pending legislation. McLaughlin filed a supplementary filing notifying the Court of this development and requesting an order quashing the new subpoena. This Court ordered a temporary stay on all Legislative subpoenas seeking electronic judicial records pending consideration of proper legal filings in due course. The Legislature withdrew its subpoena to McLaughlin and moved to dismiss this matter as moot on June 22, 2021.

A matter is considered moot when the issue has ceased to exist such that it no longer presents an actual controversy and the court cannot grant effective relief. *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, 974 P.2d 1150. The mootness doctrine does, however, contain several exceptions, including "public interest," "voluntary cessation," and "capable of repetition, but evading review." *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 32-33, 333 Mont. 331, 142 P.3d 864. McLaughlin cites all three doctrines in support of her response to the Legislature's motion to dismiss.

McLaughlin petitions this Court to address both (a) the temporarily-stayed subpoenas directed to her and her information and (b) the documents that the Legislature has already obtained through the DOA, before McLaughlin was able to seek review from this Court. The Legislature's withdrawal of its subpoena to McLaughlin does not impact the litigation surrounding the status of the documents the Legislature has already obtained. The Legislature has not made this Court aware of any effort to return, destroy, account for, or otherwise address the thousands of unredacted Judicial Branch emails that it previously obtained, without judicial oversight or procedural protections, through the DOA. Thus, McLaughlin's request that this Court order such documents be immediately returned is not moot. As counsel for McLaughlin pointed out while unsuccessfully attempting to negotiate for a pause amidst the ongoing release of thousands of unredacted Judicial Branch emails with which to implement legal and procedural protections, it is "uncertain how that bell can be un-rung," once the information has been released. Petitioner's Response to Respondent's Motion to Dismiss as Moot, Exhibit A-4 (filed June 24, 2021) (Petitioner's

2

Response).  The Legislature's decision to act first, and deal with legal ramifications later, does not allow it to declare the issue moot when it determines that it has achieved what it wishes.  Because the issue has not ceased to exist as an actual controversy and it is within the power of this Court to grant effective relief, McLaughlin's petition is not moot with respect to these documents.  *See Shamrock Motors*, ¶ 19.

Addressing the Legislature's April 14, 2021 subpoena directed to McLaughlin, McLaughlin raises the "public interest exception" to the mootness doctrine.  *Havre Daily News, LLC*, ¶ 32 (quoting *Walker v. State*, 2003 MT 134, ¶ 41, 316 Mont. 103, 68 P.3d 872).  This exception applies to a "[(1)] question of public importance [(2)] that will likely recur and [(3)] whose answer will guide public officers in the performance of their duties." *Gateway Opencut Mining Action Group v. Bd. of County Comm'rs*, 2011 MT 198, ¶ 14, 361 Mont. 398, 260 P.3d 133.  "We have consistently held that where questions implicate fundamental constitutional rights or where the legal power of a public official is in question, the issue is one of public importance."  *Ramon v. Short*, 2020 MT 69, ¶ 22, 399 Mont. 254, 460 P.3d 867 (citations omitted); *see also Ramon*, ¶ 24 (noting that a ruling would benefit the government officers at issue by providing "authoritative guidance on an unsettled issue" in the absence of an existing Montana Supreme Court ruling on the matter).

First, the scope of the legislative subpoena power when directed towards another branch of government is clearly an issue of great public interest, as it goes to not only the "legal power of a public official," *Ramon*, ¶ 22, but the very core of a constitutional system premised on separation of powers.  *See Brown v. Gianforte*, 2021 MT 149, ¶¶ 52-66, 404 Mont. 269, ___ P.3d ___ (Rice, J., concurring).

Second, while conflicts between the political branches and members of the judicial branch have been exceedingly rare—perhaps a prerequisite to the long-term survival of functioning democracy—it appears in this case that the issue is likely to reoccur. McLaughlin points to material in the record demonstrating that the Legislature intends to continue seeking the documents at the heart of the present controversy.  *See* Petitioner's Response, Exhibit B-3 (quoting Senator Greg Hertz, Chair of the "Select Committee on Judicial Transparency and Accountability" stating that "[t]o be clear, we expect the judicial

3

branch to release public records . . . .").  In its motion to dismiss, the Legislature represents that its "justified interests in the underlying matters" remains fully intact, despite its motion to dismiss.  *See* The Montana State Legislature's Motion to Dismiss as Moot at 3 (filed June 22, 2021) (Motion to Dismiss).

The history of this litigation has given us reason to be skeptical of the representations by the Legislature and its counsel in this matter.  Rather than work in good faith with McLaughlin to develop an orderly process to protect confidential and privileged materials, the Legislature unilaterally accessed thousands of unredacted messages, without proper procedural protections, through the DOA.  Once McLaughlin learned of this release, the record shows that the repeated efforts made by McLaughlin's counsel to seek a good faith resolution to implement a process to protect citizens' privacy rights went unrequited.  *See* Petitioner's Response, Exhibit A (showing a series of correspondence from Petitioner's counsel repeatedly requesting "an orderly process that protects existing privacy interests" amidst the wholesale release of judicial branch communications likely containing "private medical information, personnel matters including employee disciplinary issues, discussions with judges about ongoing litigation, information regarding Youth Court cases, judicial work product, ADA requests for disability accommodations, confidential matters before the Judicial Standards Commission, and information that could subject the State to liability were protected information exposed.").

Third, a ruling on the matter will guide public officers in the performance of their duties.  We are aware of no Montana caselaw directly addressing the issue presented by this Petition, which could guide the Legislature, the Court Administrator, and the DOA in the future.  The matter at hand is one of serious public interest, is likely to reoccur, and is in need of a ruling to guide public officers in the performance of their duties.  The public interest exception to the mootness doctrine applies.

The second mootness exception pointed to by McLaughlin is the "voluntary cessation" doctrine.  This doctrine applies when the challenged conduct is of indefinite duration but is voluntarily terminated prior to the completion of appellate review.  *Havre Daily News, LLC*, ¶ 34.  Due to the concern that a party "may utilize voluntary cessation

4

to manipulate the litigation process, 'the heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.'" *Havre Daily News, LLC*, ¶ 34 (quoting *Friends of the Earth, Inc., v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (internal quotations and alterations omitted)).

Unfortunately, the actions of counsel before this Court during these proceedings have raised serious concerns of "manipulat[ion] of the litigation process." *See McLaughlin v. Mont. State Legislature*, 2021 MT 120, ¶¶ 3, 11, 404 Mont. 166, ___ P.3d ___ (noting that counsel's representations that Court orders would not be respected and subsequent "unilateral attempt to manufacture a conflict by issuing subpoenas to the entire Montana Supreme Court . . . . appears directed to disrupt the normal process of a tribunal"). Notably, in its Motion to Dismiss, the Legislature has *not* committed itself to refraining from resuming the challenged conduct if its motion were granted. The gravity of the problem is once again magnified by the fact that the Legislature already has in its possession thousands of unredacted Judicial Branch emails—after demonstrating a willingness to act quickly and without notice before an aggrieved party can seek procedural protections or judicial review—significantly raising the stakes should the Legislature resume the complained-of conduct. *See* Petitioner's Notice of Additional Legislative Subpoena at 3 (filed Apr. 26, 2021) (notifying the Court that the Legislature had sent another subpoena to DOA seeking McLaughlin's emails on April 13, 2021, without notifying McLaughlin); Legislative Subpoena to Director Misty Ann Giles of April 8, 2021 (directing DOA to compile and produce thousands of McLaughlin's emails to the Legislature by the next day). Here, the Legislature has failed to bear its "heavy burden" of persuading this Court that it will not simply reissue the same subpoena to McLaughlin should it be dissatisfied with the results of its efforts to obtain the sought-after materials without litigation. Thus, the "voluntary cessation" exception to the mootness doctrine applies.

For the reasons stated above, this Court has determined that the matter is not moot with regard to documents already in the Legislature's possession. Additionally, the

mootness doctrine does not apply with respect to the withdrawn subpoena to McLaughlin as it falls within the public interest and voluntary cessation exceptions.

THEREFORE,

IT IS ORDERED that the motion to dismiss is DENIED.

DATED this 29th day of June, 2021.

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ DONALD HARRIS
Honorable Donald Harris, District Judge
sitting for Justice Jim Rice

6