FILED

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0249

DA 21-0249

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 67

IN THE MATTER OF the Class D Application
of Big Foot Dumpsters & Containers, LLC
Application for Class D Garbage Service
between all points and places within Flathead County.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2018-318
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Clark Robert Hensley, Ann Hill, NorthWestern Energy, Helena, Montana
        (for NorthWestern Energy)

        Jacqueline Papez, Jack Connors, Doney Crowley P.C., Helena, Montana
        (for Evergreen Disposal, Inc.)

    For Appellees:

        Francesca diStefano, Bryan, diStefano & Mattingley, PLLP, Kalispell,
        Montana (for Big Foot Dumpsters)

        Zachary Rogala, Lucas Hamilton, Public Service Commission, Helena,
        Montana

Submitted on Briefs:  March 9, 2022

Decided:  April 5, 2022

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     NorthWestern Energy (NorthWestern) and Evergreen Disposal, Inc., (Evergreen) appeal the Order on Motion to Dismiss entered by the First Judicial District Court granting Big Foot Dumpsters & Containers, LLC's (Big Foot) motion to dismiss the action as moot after Big Foot withdrew its application for a garbage hauling certificate from the Montana Public Service Commission (PSC). We consider:

> *Did the District Court err by concluding 1) the case is moot and 2) no exceptions to the mootness doctrine apply?*

¶2     We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     This is the second time this matter is before us. It involves Big Foot's application for a Class D carrier certificate of public convenience or necessity to haul garbage in Flathead County. Big Foot filed its application with the PSC in January 2018. Evergreen and Allied Waste Services of North America, LLC (Allied) filed protests to Big Foot's application pursuant to § 69-12-321, MCA, and a contested case proceeding was commenced under the Montana Administrative Procedure Act. In March 2018, the PSC served its own discovery requests upon Allied and Evergreen. In April 2018, Evergreen and Allied commenced an action in the District Court seeking relief from the PSC's discovery requests and alleging other due process violations. Big Foot intervened.

¶4     The District Court issued a writ of prohibition barring the PSC from propounding discovery in the matter and a writ of mandate disqualifying the Commissioners and requiring appointment of an independent hearing examiner to conduct the case. Big Foot and the PSC appealed to this Court. The PSC did not challenge the writ of prohibition,

2

conceding a "procedural reset" was necessary given the "procedural morass" the case had become, and withdrawing its discovery requests. *Allied Waste Servs. of N. Am., LLC v. Mont. Dep't of Pub. Serv. Regulation*, 2019 MT 199, ¶ 14, 397 Mont. 85, 447 P.3d 463. We affirmed the writ of prohibition, reversed the writ of mandate, and remanded for further proceedings. *Allied Waste Servs.*, ¶ 22.

¶5 On remand, the PSC scheduled the application for a three-day hearing in mid-January 2020. Noting the holding of *Allied Waste Services*, the PSC acknowledged it was prohibited from issuing further discovery requests, but stated it "retain[ed] the power to investigate issues and examine witnesses during the evidentiary hearing." In response, Evergreen filed a second petition for review in the District Court, which entered a temporary restraining order staying the PSC proceeding on Big Foot's application pending its review. On January 9, 2020, Big Foot indicated it was withdrawing its application for a Class D license. On the same day, NorthWestern filed a motion to intervene to seek a declaration regarding the PSC's authority in contested case proceedings.

¶6 Big Foot requested an order from the District Court allowing the withdrawal of its application,[1] and sought dismissal of the action, arguing its withdrawal had mooted all issues in the case and terminated both the PSC matter and the proceeding before the District Court. Evergreen initially agreed to dismissal, but changed its position upon learning that Big Foot's principal had made a public representation of his intention to re-file the Class D license application at some future point. The District Court granted dismissal, reasoning

---

[1] Big Foot was unable to formally withdraw its application unilaterally because of the District Court's stay of the PSC proceeding, which prohibited any further action in the matter.

Evergreen and NorthWestern were "not challenging the [PSC's] discovery procedures in the abstract: they are challenging specific actions taken in a contested case," that absent Big Foot's application, the PSC's actions no longer harmed them, and that, should Big Foot file a new application, Evergreen would have "the right to protect its rights and challenge any wrongful actions taken by the [PSC] with regard to that new petition." The District Court thus dissolved the temporary restraining order for the purpose of allowing Big Foot to withdraw its Class D application and dismissed the proceeding.

**STANDARD OF REVIEW**

¶7 "Mootness, as an issue of justiciability, presents a question of law, which we review for correctness." *Wilkie v. Hartford Underwriters Ins. Co.*, 2021 MT 221, ¶ 6, 405 Mont. 259, 494 P.3d 892 (citing *Heringer v. Barnegat Dev. Grp., LLC*, 2021 MT 100, ¶ 13, 404 Mont. 89, 485 P.3d 731; *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d 455).

**DISCUSSION**

¶8 *1. Did the District Court err by concluding that the case was mooted?*

¶9 "The judicial power of the courts of Montana is limited to justiciable controversies." *Wilkie*, ¶ 7 (quoting *Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start Inc.,* 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881). A justiciable controversy is one that can be "disposed of and resolved in the courts," as opposed to a controversy invoking a "purely political, administrative, philosophical, or academic conclusion." *Ramon v. Short*, 2020 MT 69, ¶ 20, 399 Mont. 254, 460 P.3d 867 (citing *Greater Missoula*,

4

¶ 22); *Wilkie*, ¶ 7 (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 16, 364 Mont. 390, 276 P.3d 867).

¶10 Mootness is a concept of justiciability; when an issue presented at an action's outset ceases to exist or is no longer "live," or if, due to a change in circumstances or some intervening event, the court cannot grant effective relief, the issue is moot. *Ramon*, ¶ 20 (citing *Gateway Opencut Mining Action Grp. v. Bd. of Cty. Comm'rs*, 2011 MT 198, ¶ 16, 361 Mont. 398, 260 P.3d 133). "The fundamental question to be answered in any review of possible mootness is whether it is possible to grant some form of effective relief to the appellant." *Wilkie*, ¶ 8 (quoting *Montanans Against Assisted Suicide (MAAS) v. Bd. of Med. Exam'rs*, 2015 MT 112, ¶ 11, 379 Mont. 11, 347 P.3d 1244). If no relief is possible, "[a]ny further ruling . . . would constitute an impermissible advisory opinion, 'i.e., one advising what the law would be upon a hypothetical state of facts or upon an abstract proposition.'" *Wilkie*, ¶ 8 (quoting *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 12, 355 Mont. 142, 226 P.3d 567).

¶11 The District Court concluded that Big Foot's withdrawal of its application mooted the case because Evergreen and NorthWestern "cannot maintain an action based on alleged procedural deficiencies with an underlying application before the [PSC] once that application no longer exists." Appellants argue that, regardless of Big Foot's withdrawal, the PSC "maintains its position that it does not have to follow the courts' directives" and effective relief is thus still possible, namely, a writ prohibiting the PSC from calling and questioning witnesses during hearings and an order requiring the PSC to otherwise "follow the judiciary's orders."

5

¶12 We note first that the record does not support the assertion the PSC has refused to follow this Court's orders. In a procedural order issued after *Allied Waste Services*, the PSC acknowledged the decision and the affirmed prohibition upon issuance of discovery in the pending proceeding, which was the scope of the writ. The PSC acknowledged it could not issue discovery, but added that it retained the ability to "investigate issues and examine witnesses" during the evidentiary hearing on Big Foot's Class D application. Appellants cite our discussion in *Allied Waste Services* that litigants before the PSC are entitled to due process and "a fair and open hearing as guaranteed by the Fourteenth Amendment," *Allied Waste Services*, ¶ 17 (citing *Mont. Power Co. v. Pub. Serv. Comm'n*, 206 Mont. 359, 368-69, 671 P.2d 604, 609-10 (1983)) (internal quotations omitted), and extrapolate therefrom that we prohibited the PSC from engaging in any further hearing actions. However, the citation and language were provided simply as supportive authority and reasoning for our decision to affirm the writ prohibiting issuance of discovery.

¶13 Now, given Big Foot's withdrawal of its application, there will not be an evidentiary hearing, or any further proceedings in the matter. Concerns that the PSC intended to overstep its authority or otherwise infringe upon Evergreen's rights to protest Big Foot's Class D application during a hearing are no longer "live." *See MAAS*, ¶ 12; *Wilkie*, ¶ 8. An opinion we would render on those issues here would constitute an advisory opinion about "what the law would be upon a hypothetical state of facts [and] upon an abstract proposition" regarding potential actions the PSC may take in a potential future case before it. *Wilkie*, ¶ 8. Therefore, the District Court correctly determined the matter had been mooted.

¶14 *2. Did the District Court err by failing to apply any exception to the mootness doctrine?*

¶15 Appellants argue the Court should conclude that an exception to the mootness doctrine allows the case to continue. "Even when a case is no longer 'live,' . . . a court may hear and decide the case in specific circumstances." *Wilkie*, ¶ 9. This Court has recognized three such circumstances as exceptions to the mootness doctrine: (1) voluntary cessation, (2) capable of repetition, yet evading review, and (3) public interest. The voluntary cessation exception allows a case to proceed that "would otherwise have been rendered moot by a defendant's voluntary cessation of the challenged action." *Wilkie*, ¶ 9 (quoting *MAAS*, ¶ 15). This exception addresses situations where a defendant attempts to moot a plaintiff's meritorious claims in order to avoid a judgment on the merits. *Wilkie*, ¶ 9 (citations omitted). To that end, "[a] defendant's voluntary cessation of conduct cannot moot a case unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Wilkie*, ¶ 10 (quoting *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 38, 333 Mont. 331, 142 P.3d 864).

¶16 The salient point here is that Appellants want the case to proceed, thus requiring Big Foot to continue litigating its withdrawn application, so that Appellants can challenge *the PSC's* actions. There is thus a disconnect between the ceased conduct that mooted the case and the "allegedly wrongful behavior," *Wilkie*, ¶ 10, which Appellants want to challenge, that being the PSC's assertion of authority to call and question witnesses at hearings.[2]

_____

[2] Evergreen and NorthWestern do not argue the District Court abused its discretion in allowing Big Foot to withdraw its application, only whether the effect of that withdrawal renders the case moot.

Because the "challenged action" is distinct from any action taken by Big Foot, the voluntary cessation exception does not apply.[3] *Wilkie*, ¶ 9; *MAAS*, ¶ 15.

¶17 Under the wrongs "capable of repetition, yet evading review" exception, *Havre Daily News*, ¶ 34 (citation omitted), the invoking party must show that "the challenged conduct inherently is of limited duration, so as to evade review, and that there is a reasonable expectation that the same complaining party will be subject to the same action again." *Havre Daily News*, ¶ 34 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S. Ct. 978, 988 (1998)) (internal quotations omitted). There is no dispute that the PSC asserts authority to call and question witnesses at its hearings and that it will continue to do so—whether in any future case involving Big Foot and Evergreen or in the myriad of other cases that are now pending or will pend before the Commission. Consequently, the challenged conduct is not "inherently [] of limited duration so as to evade review"—rather, it is continually ongoing, and Appellants will have various opportunities in the future to seek judicial review of any preliminary orders, actions, or rulings and final judgments issued by the PSC. *See Havre Daily News*, ¶ 34; §§ 2-4-701, 702, MCA; § 2-4-711, MCA.

¶18 The final exception to the mootness doctrine argued by Appellants is the public interest exception, which applies when "(1) the case presents an issue of public importance; (2) the issue is likely to recur; and (3) an answer to the issue will guide public officers in the performance of their duties." *Ramon*, ¶ 21 (citing *Gateway Opencut Mining Action Grp. v. Bd. of Cty. Comm'rs*, 2011 MT 198, ¶ 14, 361 Mont. 398, 260 P.3d 133). An issue

---

[3] Evergreen and NorthWestern's argument that this matter is not moot because Big Foot represented that it intends to file a new Class D application at a future point is unavailing for the same reason.

is of public importance where it "implicate[s] fundamental constitutional rights or where the legal power of a public official is in question." *Ramon*, ¶ 22 (citing *Walker v. State*, 2003 MT 134, ¶¶ 41-43, 316 Mont. 103, 68 P.3d 872). Appellants argue this exception applies, and the PSC, although disputing the case is one of public importance, concedes the issue is likely to reoccur and that a decision will guide its future hearing procedures.

¶19 Appellants offer a plausible argument, but we conclude the case should not proceed under the exception. The requisite "issue of public importance" raised here is the PSC's hearing procedures, not the substance of the application, which Big Foot would be required to litigate—despite its unchallenged withdrawal—to sustain. Secondly, a portion of this case, the challenge to the PSC's issuance of discovery, has already been resolved.[4] Then, § 69-12-206, MCA, authorizes the PSC to "administer oaths, examine witnesses, and receive evidence" during any "investigation, inquiry, or hearing." Whether the hearing actions proposed here by the PSC exceed this authority or otherwise deprive litigants of due process right to "a fair and open hearing," *Allied Waste Services*, ¶ 17, is an issue

---

[4] Notably, the Court resolved the issue primarily on procedural grounds, and did not address the substantive question of the validity of the PSC's claimed authority. We explained:

> Petitioners sought the writ to prohibit the PSC from submitting discovery, for which there was no adequate appellate remedy. The PSC withdrew its discovery requests prior to the hearing on the writ and does not challenge the writ's issuance on appeal. While the PSC asserts, as an aside, that it has investigatory authority to propound discovery, that issue has not been raised or briefed on appeal, and we do not address it [(citing Admin. R. M. 38.2.601, which provides "[t]he commission staff shall have the full rights and responsibilities of parties under these rules.")]. It is enough that the Procedural Order entered in the case did not provide that the PSC would be propounding its own discovery, and the PSC's counsel, a designated hearing officer, entertained unlawful *ex parte* communications with Big Foot's counsel.

*Allied Waste Servs.*, ¶ 17.

presented without a record demonstrating how the PSC sought to exercise the authority. No harm has yet occurred—no hearing was held, and the PSC neither called nor examined witnesses. Without a record, a court would have to speculate about possible actions taken by the PSC. Previously, when applying the public interest exception, the Court's ruling was informed by actions that had already occurred. *See Ramon*, ¶¶ 4-10, 26 (applying the public interest exception when the plaintiff was detained in a county jail pursuant to a 48-hour civil immigration detainer even though he was not in the county's custody during litigation.). By delving into hypotheticals, courts risk issuing opinions that are overly narrow or broad, or missing the relevant facts, in addition to being advisory in nature.

¶20 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR

10