FILED

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0145

DA 22-0145

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 194N

SAXON DRU POLICH,

       Petitioner and Appellant,

  v.

GREAT FALLS MUNICIPAL COURT,
THE HONORABLE STEVEN B. BOLSTAD,
PRESIDING JUDGE,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. DV-21-375
                  Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Zachary D. Kitchin, Cayle Mark Halberg, The Practice of Law,
          P.L.L.C., Great Falls, Montana

      For Appellee:

          The Honorable Steven B. Bolstad, Self-Represented, Great Falls,
          Montana

                          Submitted on Briefs:  August 24, 2022
                                    Decided:  October 4, 2022

Filed:

                     _____
                                Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Saxon Dru Polich appeals from the Eighth Judicial District Court order denying and dismissing his petition for writ of review as moot. We affirm.

¶3 On June 8, 2021, Polich appeared for a sentencing hearing in the Great Falls Municipal Court. After an exchange, Judge Bolstad held Polich in contempt of court and sentenced him to 30 days of incarceration, beginning that same day. On July 6, 2021, Polich filed a Petition for Writ of Review and Emergency Motion to Stay Execution of the contempt order. Polich was released on July 8, 2021.

¶4 Having received no response to his petition, on February 22, 2022, Polich filed a Notice of Issue and Motion for Petition to be Well-Taken pursuant to Rule 2(c) of the Montana Uniform District Court Rules (MUDCR), which provides "[f]ailure to file an answer brief by the opposing party within the time allowed shall be deemed an admission that the motion is well taken." On February 25, 2022, the District Court denied and dismissed Polich's petition as moot, reasoning because the contempt incarceration ended about 19 days before any response was due from Judge Bolstad or the City Attorney's Office, the end of the challenged incarceration deprived the court of the means to grant effective relief. Polich appeals.

¶5     Issues of justiciability are questions of law for which this court's review is de novo. *Chipman v. Northwest Healthcare Corp.*, 2012 MT 242, ¶ 16, 366 Mont. 450, 288 P.3d 193.  A justiciable controversy is one that can be "disposed of and resolved in the courts." *In re Big Foot Dumpsters & Containers, LLC*, 2022 MT 67, ¶ 9, 408 Mont. 187, 507 P.3d 169 (citing *Ramon v. Short*, 2020 MT 69, ¶ 20, 399 Mont. 254, 460 P.3d 867).  "Where an issue presented at the outset of the action has ceased to exist or is no longer 'live,' or if the court is unable due to an intervening event or change in circumstances to grant effective relief or to restore the parties to their original position, then the issue before the court is moot." *Ramon*, ¶ 20 (citation and internal quotation marks omitted).

¶6     Polich argues the District Court abused its discretion by denying and dismissing his petition for writ of review as moot because, having filed the petition prior to the expiration of the imposed incarceration, Polich argues it was not moot at the outset of the action.  We disagree.  Whether Polich's petition was moot when he filed it is irrelevant to the mootness inquiry.  Under M. R. Civ. P. 12(a)(1)(A), Judge Bolstad had 21 days to respond to Polich's petition.  The "intervening event" of having 21 days to file a response to a petition filed two days prior to a contemnor's release made the matter moot because the court could not effectively address the merits of the petition prior to the expiration of the contempt order. It is quite possible that Judge Bolstad did not even see Polich's petition until after Polich's release.[1]

---

[1] Regardless, Rule 2 provides a district court with discretion "to either deny or grant unsupported or unanswered motions." *Chapman v. Maxwell*, 2014 MT 35, ¶ 10, 374 Mont. 12, 322 P.3d 1029; *see* MUDCR 2(c) ("Failure to file briefs *may* subject the motion to summary ruling." (emphasis

¶7 Alternatively, Polich argues the public interest exception to the mootness doctrine should apply. The public interest exception applies where: (1) the case presents an issue of public importance; (2) the issue is likely to recur; and (3) an answer to the issue will guide public officers in the performance of their duties. *Ramon*, ¶ 21. "An issue is of public importance where it 'implicate[s] fundamental constitutional rights or where the legal power of a public official is in question.'" *In re Big Foot Dumpsters & Containers*, ¶ 18 (quoting *Ramon*, ¶ 22).

¶8 Polich maintains, and we agree, the first prong of the public interest exception to the mootness doctrine is satisfied here because the question of whether substantial evidence supports a judgment of contempt imposing immediate incarceration implicates an individual's fundamental right to liberty and is therefore an issue of public importance. *Ramon*, ¶ 22. However, application of Polich's public interest exception fails to satisfy the test's second prong because the issue is not likely to recur. This Court has no record of any such similar situation existing. We also note recurrence is unlikely as other means of relief exist to bring assertions of illegal incarceration to court. Polich had other means of immediate relief available, which he did not pursue at any point during his incarceration, including filing a habeas petition with the court. We decline to apply the public interest exception to the mootness doctrine in this case.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

---

added)). Thus, as the District Court found, "[Rule 2] binds the opposing parties who do not timely respond, but it does not bind the Court."

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did err by denying and dismissing Polich's petition for writ of review as moot.

¶10 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE