FILED

06/02/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0628

DA 25-0628

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 117

---

CHELSEY MAE HELT,

      Petitioner and Appellee,

  v.

JEREMY STEPHEN GUESS,

      Respondent and Appellant.

---

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-25-164
Honorable John Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Albert G. Jones IV, Mountain & Valley Law Firm, Bozeman, Montana

      For Appellee:

            Judd M. Jensen, Browning, Kaleczyc, Berry & Hoven, P.C., Bozeman, Montana

---

Submitted on Briefs:  May 20, 2026

Decided:  June 2, 2026

Filed:

                                    _____
                                         Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Jeremy Stephen Guess appeals from the Eighteenth Judicial District Court's July 7, 2025 Final Order of Protection. Guess does not challenge the order insofar as it protects Chelsey Mae Helt from contact, threats, harassment, abuse, stalking, or proximity by Guess. He challenges only the portions of the order that name the parties' children as protected minor family members, place the children exclusively with Helt, and eliminate his parenting contact with the children until the parties negotiate and establish parenting time through a parenting plan.

¶2 We address the following restated issue:

*Whether the District Court abused its discretion and legally erred when, in a Title 40, chapter 15, MCA, order-of-protection proceeding, it gave Helt exclusive physical care of the children and eliminated Guess's parenting contact with his children without making the child-specific findings required by § 40-15-204(4), MCA, and without explaining why supervised visitation would not address the safety concerns proved at the hearing.*

¶3 We affirm the order of protection as to Helt. The April 22, 2025 hearing record contains sufficient evidence, as credited by the District Court, to support protection for Helt from further threats, harassment, and abuse. But we reverse the child-related provisions. The District Court used a Title 40, chapter 15, MCA, order-of-protection proceeding to eliminate Guess's parenting contact with his children without making the child-specific findings required by § 40-15-204(4), MCA, and without explaining why supervised visitation would not address the safety concerns proved at the hearing. In doing so, the court imposed a restriction on the constitutionally protected parent-child relationship that

2

exceeded the protective purpose and statutory limits of Title 40, chapter 15, MCA. We remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Helt and Guess were in a relationship beginning in 2019. They never married. They have two minor children, born in 2020 and 2022. The parties lived together in Oklahoma before moving to Montana with the children in May 2023. In 2024, Helt, Guess, the children, and Helt's parents moved into a shared split-level home in Bozeman.

¶5 Helt filed a proposed parenting plan on March 3, 2025. On April 3, 2025, she petitioned for a temporary order of protection. The District Court issued an ex parte temporary order the same day and set a show-cause hearing.

¶6 The District Court held the show-cause hearing on April 22, 2025. Helt appeared with counsel; Guess appeared pro se. Both parties testified. Helt described a long course of relationship conflict, repeated degrading name-calling, threats, alleged tracking and recording devices, privacy violations, threats of self-harm, and Guess's statements after she ended the relationship. She said Guess wanted to "add scars" to her face and said something that sounded to her like putting a gun to her forehead. She further testified that Guess hit her in the face with a pillow at about 4:00 a.m. while their two-year-old was asleep between them.

¶7 Helt testified about the children as well. She stated that Guess became more impatient with the children when, in her view, he did not take medication. She described road-rage incidents while Guess drove with her or the children in the car. She testified that Guess talked with the older child about court and told him that Helt was going to take him

3

away. She also testified that Guess said he would take the younger child and Helt would never see him again. On cross-examination, Guess asked Helt whether he was "a bad father." She answered, "When you are medicated and well, no, you're a good father." Helt then testified that Guess once held up a plastic bat toward the older child and said he would hit him if the older child hit the younger child one more time.

¶8 Helt's requested relief at the hearing matters to the legal issue on appeal. In a written statement that she read into the record, Helt stated that she had genuine concerns for her own safety and the children's mental and emotional well-being. She asked the court to continue the protection order "until we get the parenting plan in motion" and specifically requested what she described as "supervised visits with our boys that can be arranged at Haven or a place that the [c]ourt finds appropriate."

¶9 Before Guess testified, the District Court asked Helt's counsel what Helt sought. Counsel responded that, although the petition sought a permanent restraining order, "realistically, there hasn't been . . . a wide-spread history of physical violence between the parties." Helt's counsel stated that Helt sought continuation of the temporary order until the parenting plan was finalized or for three to six months. The District Court summarized the request as an order protecting Helt, requiring Guess to stay away from the residence, and allowing supervised contact with the children:

> So just for the record, so she's asking for an order of protection for a year for him not to have—for Mr. Guess not to have contact with her, to stay away from the residence, but as I understand what her request is, because it kind of ties in with the parenting plan, she's not opposed to him having supervised contact with the children[.]

4

¶10    Helt's counsel agreed that supervised visitation was the issue "for now unless the parties work something else out."  The District Court then told Guess:

> Mr. Guess, that's what Ms. Helt is asking for.  Up to a year no contact with her except for court proceedings.  You may have supervised contact with your children, and this is all within the context of the separate parenting plan action that would work out a more detailed parenting plan.

¶11    Guess then testified in narrative form.  He disputed many of Helt's allegations, said he had been with the children every day for two years, and emphasized that he wanted to see them.  The court told Guess that it cared only about the allegations presented on the record and that any protection order would rest on that record.  At the end of the hearing, the court did not issue a final order.  Instead, it left the temporary order in effect and directed both parties to submit proposed findings, conclusions, and orders by April 29, 2025.  When Guess said, "I just want to see my kids, man," the court responded that it needed to resolve the protection-order issue so the separate parenting action could determine "your deal to see your kids."

¶12    On July 2, 2025, before the District Court entered its final order, Helt filed a notice advising the court that Guess had been arrested and charged with stalking while an order of protection was in place.  The notice attached charging documents and a probable-cause affidavit describing alleged threatening text messages to Helt and her family members from multiple phone numbers.  Helt asked the court again to establish a permanent order of protection.

¶13    Guess filed a declaration the same day.  He denied the allegations, stated that he had not been convicted of any offense, invoked the presumption of innocence, objected to any

reliance on the arrest notice without an evidentiary hearing, and asked the District Court to disregard the filing or schedule a hearing.

¶14 The District Court did not conduct another hearing. Five days later, on July 7, 2025, it entered a three-year Final Order of Protection. The order states that the court based its findings on "the testimony and evidence submitted" at the April 22 hearing. The order restrains Guess from committing acts of violence against Helt, harassing or threatening her, contacting her, or coming within 300 feet of her or her residence. Guess does not challenge those provisions.

¶15 The order also names the children as minor family members on whose behalf Helt sought protection. Its findings state that Helt "believes Respondent is currently a danger to himself, Petitioner and their children" and "believes Respondent is a potential flight risk with the children since he has no place to currently reside in Montana and all of his family currently live in Oklahoma." The order does not cite § 40-15-204(4), MCA, and does not find that either child was a victim of abuse, witnessed abuse, or was endangered by the environment of abuse.

¶16 The order provides that, "during the time period of this Order of Protection and until a Parenting Plan is finalized," Helt shall be the children's primary caregiver, and the children shall reside with her "at all times." It further provides: "Respondent shall have no right of visitation with the minor children until such visitation is negotiated and established by the Parenting Plan to be negotiated by the parties." The order expires July 6, 2028. Guess appeals.

## STANDARD OF REVIEW

¶17 We review a district court's decision to continue, amend, or make permanent an order of protection for abuse of discretion. *Fritzler v. Bighorn*, 2024 MT 27, ¶ 7, 415 Mont. 165, 543 P.3d 571 (citing *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631). A district court abuses its discretion when it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason, resulting in substantial injustice. *Fritzler*, ¶ 7; *Boushie*, ¶ 8. We review findings of fact for clear error and conclusions of law for correctness. *In re G.W.*, 2018 MT 192, ¶ 12, 392 Mont. 269, 423 P.3d 575. Where the district court made no such findings in the first place and the issue is whether the court's action conforms to statutory requirements, we are presented with a question of law, which we review de novo. *See In re T.H.*, 2005 MT 237, ¶ 35, 328 Mont. 428, 121 P.3d 431. We review constitutional due process questions and statutory interpretation questions de novo. *In re Adoption of A.K.M.*, 2025 MT 212, ¶ 5, 424 Mont. 152, 575 P.3d 1008.

## DISCUSSION

¶18 *Whether the District Court abused its discretion and legally erred when, in a Title 40, chapter 15, MCA, order-of-protection proceeding, it gave Helt exclusive physical care of the children and eliminated Guess's parenting contact with his children without making the child-specific findings required by § 40-15-204(4), MCA, and without explaining why supervised visitation would not address the safety concerns proved at the hearing.*

**A. The appeal is not moot.**

¶19 Helt argues that Guess's challenge to the parenting-time restrictions is moot because the protection order limited those restrictions to the period before a final parenting plan

and because the District Court issued a final parenting plan on November 5, 2025. We disagree on the record before us.

¶20 Mootness turns on whether an intervening event leaves the Court unable to grant effective relief. *In re Big Foot Dumpsters & Containers, LLC*, 2022 MT 67, ¶ 10, 408 Mont. 187, 507 P.3d 169. If we can grant some form of effective relief, the case remains justiciable. *Big Foot Dumpsters*, ¶ 10.

¶21 The protection order remains a three-year order expiring July 6, 2028. The order names the children as protected minor family members. Although the order states that Guess's parenting contact may resume when the parties negotiate and establish a parenting plan, the record before us does not include the final parenting plan in a manner that permits us to determine whether it superseded the protection order, modified the children's status as protected persons, or eliminated all collateral consequences of the protection order's child-related terms. Additionally, regardless of the provisions of a post-protection order parenting plan, the protection order nonetheless continues to list the children as protected persons and to restrict Guess's contact with them for its three-year duration; and we cannot conclude that the later parenting plan eliminated every practical or legal consequence of the child-related protection-order provisions. Effective relief remains available because this Court can vacate or clarify the child-related provisions of the protection order. The appeal therefore is not moot.

¶22 We do not decide the validity or effect of the later parenting plan. Guess challenges that plan in his reply brief, but the parenting-plan order is not the order on appeal, the full parenting-plan record is not before us, and the parties have not briefed a direct appeal from

that order. We consider the later parenting-plan proceedings only to the extent Helt relies on them to argue mootness.

**B. The District Court had discretion to protect Helt.**

¶23 The April 22 hearing record supports the District Court's decision to protect Helt from contact, threats, harassment, abuse, and proximity by Guess. Helt testified to repeated degrading name-calling, threats of retaliation, alleged tracking and recording, privacy violations, threats of self-harm, threats to scar her face, and a statement she understood as referencing a gun to her forehead. Guess disputed much of that testimony. Even where there is conflicting evidence, we will uphold findings of fact and conclusions supported by substantial credible evidence. *See Bock v. Smith*, 2005 MT 40, ¶ 27, 326 Mont. 123, 107 P.3d 488.

¶24 Guess does not ask us to vacate the portions of the order that protect Helt. We affirm those provisions.

**C. The District Court abused its discretion and legally erred when it eliminated Guess's parenting time without the findings required for child-related relief.**

¶25 The constitutional protection afforded the parent-child relationship[1] does not prevent a court from protecting children in an order-of-protection proceeding, but it does require the court to keep the relief tied to the protective purpose of Title 40, chapter 15, MCA, and supported by that chapter's required child-specific findings. The dispositive

---

[1] "'It is beyond dispute that the right to parent one's children is a constitutionally protected fundamental liberty interest protected by Article II, section 17 of the Montana Constitution and by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.'" *In re the Parenting of D.C.S.*, 2025 MT 179, ¶ 22, 423 Mont. 365, 574 P.3d 791 (quoting *In re A.J.C.*, 2018 MT 234, ¶ 31, 393 Mont. 9, 427 P.3d 59).

question is narrower than whether Helt needed protection. The question is whether the same record and findings supported a three-year order that gave Helt exclusive physical care of the children and eliminated Guess's parenting contact until the parties negotiated and established parenting time in a separate parenting plan. We hold that they did not.

¶26 Montana's protection-order statutes allow courts to protect children when the evidence supports child-related relief. Section 40-15-204(4), MCA, specifically addresses orders that restrain contact with minor family members: "An order of protection that restrains the respondent from contacting a minor child family member must include a finding that the minor child was a victim of abuse, a witness to abuse, or endangered by the environment of abuse." The statute requires child-specific findings. It does not allow a court to restrain parent-child contact based only on generalized concerns about the respondent's conduct toward the other parent.

¶27 The District Court made findings that support protection for Helt. It found relationship conflict, emotional abuse toward Helt, threats of retaliation, threats of self-harm, alleged tracking and recording devices, and Guess's threatening statements toward Helt after she filed the proposed parenting plan. But the court did not find that either child was a victim of abuse, witnessed abuse, or was endangered by the environment of abuse. It did not identify which statutory alternative in § 40-15-204(4), MCA, applied. It did not explain why the evidence that related to the children required eliminating Guess's parenting contact rather than supervised visitation, neutral exchanges, restrictions on discussing litigation with the children, or other narrower protective measures.

10

¶28 Findings that Helt "believes" Guess is dangerous and "believes" he is a potential flight risk do not satisfy § 40-15-204(4), MCA. The statute requires the court to find the statutory predicate for restraining contact with a minor family member. A petitioner's belief may support a request for protection, and the court may credit testimony supporting that belief. But the order must contain the court's own child-specific findings when it restrains contact with children.

¶29 The hearing record underscores the problem. Helt did not ask the District Court to eliminate Guess's parenting contact. She asked for supervised visits "at Haven or a place that the [c]ourt finds appropriate." Her counsel told the District Court that there had not been "a wide-spread history of physical violence between the parties," and confirmed that Helt was not opposed to supervised contact between Guess and the children. The District Court told Guess that Helt sought no contact with her, but that he "may have supervised contact with [his] children" while the separate parenting action worked out a more detailed parenting plan.

¶30 The July 7 final order materially departed from that hearing record. It gave Helt exclusive physical care, required the children to reside with her at all times, and gave Guess no parenting contact until the parties negotiated and established it through a parenting plan. The District Court did not explain that change. It did not explain why supervised visitation—the protective alternative Helt requested, and the court discussed, at the hearing—would not address the proven safety concerns.

¶31 We recognize that the record includes evidence relevant to the children. Helt testified that Guess's behavior caused the children mental and emotional harm, that he

11

discussed court and custody with the older child, that he threatened to take the younger child where Helt would never see him again, that he drove unsafely with the children in the car, and that he once held up a plastic bat toward the older child. Those facts could support carefully tailored child-related protection-order provisions if the District Court makes the findings required by § 40-15-204(4), MCA. But the findings entered here do not bridge the gap between those concerns and the categorical elimination of all parental contact.

¶32 The District Court's order also illustrates why courts must keep protection-order proceedings and parenting-plan proceedings analytically distinct. Title 40, chapter 15, MCA, authorizes protective relief to prevent abuse, threats, stalking, harassment, and further injury or harm. Title 40, chapter 4, MCA, governs parenting determinations. A court may not use a chapter 15 proceeding as a substitute for the parenting-plan process established by chapter 4.

¶33 That does not mean a court presiding over a protection-order proceeding must ignore children. Section 40-15-204(4), MCA, expressly allows an order of protection to restrain contact with a minor family member when the court finds that the child was a victim of abuse, witnessed abuse, or was endangered by the environment of abuse. That statute gives the court authority to protect children in a chapter 15 proceeding when the record supports the required child-specific findings.

¶34 But § 40-15-204(4), MCA, also marks the limit of the protection-order court's child-related authority. The court may enter protective conditions necessary to prevent further injury or harm to a child, but it may not use the protection-order docket to decide

12

parenting time as though it were adjudicating a parenting plan. When the relief ordered effectively allocates residential care and eliminates parenting contact, the order must remain tethered to chapter 15's protective purpose and to the child-specific findings chapter 15 requires.

¶35 The District Court's order did not stay within those limits. The court gave Helt primary care of the children, required the children to reside with her "at all times," and provided that Guess had "no right of visitation" until parenting time was negotiated and established through a parenting plan. Those provisions did more than protect Helt from contact by Guess. They functionally decided Guess's access to his children for an indefinite period during the three-year protection order, unless the parties negotiated parenting time in a separate parenting case. The court entered that relief without finding that either child was a victim of abuse, witnessed abuse, or was endangered by the environment of abuse, and without explaining why supervised visitation—the relief Helt requested and the court discussed at the hearing—would not address the safety concerns proved in the chapter 15 proceeding.

¶36 The timing of the District Court's order reinforces our concern. Helt filed the arrest notice on July 2, 2025. Guess denied the allegations that same day and asked the District Court not to rely on them without a hearing. The court entered the final order five days later without another hearing. The order states that it rests on the April 22 hearing evidence and does not cite the July 2 notice. We therefore need not decide whether the District Court relied on the post-hearing allegations. The statutory error exists either way: the final order eliminated Guess's parenting contact without the child-specific findings required by

13

§ 40-15-204(4), MCA, without an explanation for rejecting supervised visitation, and without tailoring the child-related relief to the protective purposes of a chapter 15 proceeding.

¶37 Because we reverse the child-related provisions on statutory grounds, we do not separately decide Guess's constitutional due-process claim. We note, however, that the same procedural circumstances reinforce the need for child-related protection-order relief to rest on hearing-tested evidence, child-specific findings, and an explanation why narrower protective conditions will not adequately address the proven safety concerns.

¶38 We share the concern that the District Court waited more than two months after the hearing to issue its order, then entered a materially more restrictive order five days after Helt filed serious post-hearing criminal allegations. Prompt decision-making matters in protection-order proceedings, especially when a temporary order restricts parent-child contact and the court has taken the matter under advisement. Here, the delay left the parties and the children under an unresolved temporary order for an extended period. Having waited, the District Court then rejected the supervised-visitation framework discussed at the hearing without explanation. That procedure does not permit meaningful appellate review of the child-related restrictions.

¶39 The appropriate remedy is narrow. We affirm the order as to Helt. We reverse the child-related provisions that name the children as protected parties, require the children to reside with Helt at all times, and eliminate Guess's parenting contact with his children until a parenting plan is negotiated and established. On remand, the District Court may enter child-related protection-order provisions if hearing-tested evidence supports the findings

14

required by § 40-15-204(4), MCA. Any child-related relief in this protection-order proceeding must remain tied to chapter 15's protective purpose, rest on the findings required by § 40-15-204(4), MCA, and explain why supervised visitation or other narrower safeguards would not adequately address the proven safety concerns. By contrast, parenting-time determinations governed by Title 40, chapter 4, MCA, must be made in the separate parenting-plan proceeding.

## CONCLUSION

¶40 We affirm the July 7, 2025 Final Order of Protection insofar as it protects Helt from Guess. We reverse the order insofar as it names the children as protected parties, gives Helt exclusive physical care of the children, requires the children to reside with Helt at all times, and provides that Guess has no parenting contact with his children until parenting time is negotiated and established through a parenting plan. We remand for further proceedings consistent with this Opinion.

¶41 Affirmed in part, reversed in part, and remanded.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

15